IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CARMEN L. McFERRIN, as Personal Representative of the Estate of GREGORY B. McFERRIN; and CARMEN L. McFERRIN, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED SPECIALTY INSURANCE COMPANY; MUHAMMAD "WALEED" KHAN; AARAV TRUCKING, LLC; GREWAL TRANS, INC.; and SAC TRANS, INC.,<br><br>Defendants. | CV 15–113–H–CCL<br><br>ORDER |

Before the Court is a Motion to Dismiss filed by Defendant United Specialty Insurance Company. The motion is opposed by Plaintiff Carmen L. McFerrin ("McFerrin").

Factual Background

The events underlying this declaratory judgment action occurred on

March 9, 2015, when a semi-truck driver named Asad Khan crossed a centerline on Highway 12 and struck a pickup driven by McFerrin's husband, Gregory McFerrin, killing him. His widow, Carmen McFerrin, has previously settled her claims against Asad Khan. McFerrin claims that Asad Khan was driving distracted because he was talking on his cell phone with Defendant Muhammad "Waleed" Khan ("Defendant Khan"), who was also driving a similar tractor/trailer on the highway, just ahead of Asad. McFerrin asserts in this lawsuit that Defendant Khan is liable for his own negligent acts leading up to and contributing to the Asad Khan/McFerrin crash.

Both Defendant Muhammad Khan and Asad Khan were employees of Defendant AARAV Trucking, Inc. (a California corporation), and driving on behalf of Defendant Grewal Transportation, Inc. (a California corporation). The trailer pulled by Defendant Muhammad Khan's tractor was allegedly owned by Defendant SAC Trans and leased to Grewal Transportation.

Defendant United Specialty Insurance Company ("United Specialty") issued a 2014-15 policy to Sac Trans Inc. in Alameda County, California, covering the

trailer pulled by Muhammad Khan. United Specialty contends there is no coverage under the policy because the crash was not caused by the *trailer* that it insured. United Specialty further asserts that its named insured–Sac Trans–was not acting as a for-hire motor carrier in its leasing of the trailer.

Procedural Background

As stated above, McFerrin has settled her claims against Asad Khan, the driver who collided with Gregory McFerrin's pickup truck on Highway 12.

Having settled her claims against Asad Khan, on October 5, 2015, Carmen McFerrin filed a complaint against Muhammad Khan in First Judicial District, Broadwater County, Montana. That lawsuit was removed by Muhammad Khan to federal district court on November 9, 2015. *See McFerrin v. Muhammad Waleed Khan, AARAV Trucking, Grewal Trans Inc., Sac Trans Inc., Farasat Khan, Farhan Khan, and C.H. Robinson Worldwide, Inc.*, CV 15-100-H-SEH. That action is currently in discovery, and the district court recently denied Grewal Trans Inc.'s motion for judgment on the pleadings. In that case, United Specialty is providing defense counsel to Muhammad Khan under a reservation of rights.

3

On November 23, 2015, United Specialty (organized in Delaware and having a principal place of business in Texas) filed a declaratory judgment action in Alameda County Superior Court, California, against all the parties, asserting that it was not liable under Sac Trans Inc.'s policy for the injuries suffered by McFerrin. *United Specialty Insurance Co. v. Muhammad Khan, AARAV Trucking Inc., Sac Trans Inc., Grewal Transportation Inc., and Carmen McFerrin*, CV RG15794426. (*See* Doc. 5-1.) Excepting McFerrin, four of the five defendants of this California declaratory judgment action are California citizens.

In response to the filing of this California declaratory judgment action, McFerrin filed the instant declaratory judgment action in this Montana federal district court, alleging that United Specialty is liable for McFerrin's injuries pursuant to the Sac Trans Inc. trailer policy.

Discussion

Defendant United Specialty bases its motion to dismiss on two grounds. First, United Specialty asserts that McFerrin's complaint in this action violates Montana's 'no direct action' rule. Second, United Specialty asks that this Court

exercise its discretion under the *Brillhart/Wilton* exception to decline to accept jurisdiction over this declaratory judgment action.

A long-standing rule of Montana common law is that "direct actions against a liability insurer [by a third-party claimant] contravene the common law..." *Ulrigg v. Jones*, 274 Mont. 215, 907 P.2d 937 (Mont. 1995); *State Farm Mutual Automobile Ins. Co. v. Solem*, 191 Mont. 156, 622 P.2d 682 (Mont. 1981); *Conley v. USF&G Company*, 98 Mont. 31, 37 P.2d 565 (1934); *Cummings v. Reins Copper Co.*, 40 Mont. 599, 107 P.2d 684 (1910). A third-party claimant's first obligation is to "establish that the insured was liable for the injuries or damages for which coverage under the policy is claimed. Simply put, unless and until the tort claimant establishes the liability of the tortfeasor, then there are no injuries or damages 'covered by the policy.'" *Ulrigg*, 907 P.2d 937 at 944. Until that adjudication is completed, the third-party claimant is a stranger to the contract and cannot sue the insurer without explicit statutory authorization. In 1981, the Montana Supreme Court called this a "long-established Montana rule . . . that a direction action against an insurer does not lie until the liability of the insured has

been established...." *Solem*, 622 P.2d at 684-85 (citing *Conley v. USF&G Co.* and *Cummings v. Reins*). Because liability is still undetermined, this declaratory judgment action against the insurer is indeed premature and in violation of Montana's no-direct action rule.

McFerrin cites an Unfair Trade Practices Act case, *Ridley v. Guaranty National Ins. Co.*, 286 Mont. 325, 951 P.2d 987 (Mont. 1997), for the proposition that a third-party claimant may bring a declaratory judgment action against an insurer prior to final settlement. However, the *Ridley* case is distinguishable because in *Ridley* liability was already reasonably clear and, in particular, the third-party claim was brought pursuant to a specific Montana statute (setting forth the insurer's duty to pay a third-party's medical expenses). Such is not the case here. Liability has not been determined, and the underlying claim in the instant lawsuit is not a UTPA statutory violation but an interpretation of the insurance contract.

In *Ulrigg v. Jones*, 274 Mont. 215, 907 P.2d 937 (1995), the Montana Supreme Court reiterated the long-standing common law rule that liability of the

insured must be established *before* a third-party claimant may file an action against an insurance carrier. For a justiciable controversy to exist, a ruling on the duty to indemnify must not be speculative. Therefore, the determination whether United Specialty owes a duty to indemnify should not precede a determination whether Muhammad Khan is liable for the injuries suffered by McFerrin. *See Skinner v. Allstate Ins. Co.*, 329 Mont. 511, 127 P.3d 359 (Mont. 2005) (citing *Northfield Ins. Co. v. Montana Ass'n of Counties*, 301 Mont. 472, 10 P.3d 813, ¶12 (Mont. 2000)).

United Specialty's second basis for dismissal is that declaratory judgment jurisdiction under 28 U.S.C. 2201(a) is not obligatory, and an identical declaratory judgment action is already pending in a California state court. The Court notes that the insured and all other defendants (save McFerrin) are California citizens. Under the *Brillhart/Wilton* exception to declaratory judgment jurisdiction, a federal district court may, in its discretion, decline to exercise jurisdiction over a declaratory judgment action even though all jurisdictional requirements have been met. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137 (1995) (citing

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). It is considered generally to be "vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. Indeed, a presumption is raised in favor of declining jurisdiction when a parallel state court action is pending. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).

When considering whether to abstain in a declaratory judgment action, a court should "balance concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 205) (internal citations omitted). Further factors that should be given consideration are (1) avoiding "needless determination of state law issues"; (2) discouraging "forum shopping"; and (3) avoiding "duplicative litigation." *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). When diversity is the only basis for jurisdiction, a determination that these factors favor abstention should "weigh heavily in favor of dismissing the action." *Central United Life Ins. Co. v. Estate*

*of Gleason*, No. CV 11-31-H-DWM, 2011 WL 6258448, at *2.  The lack of a compelling federal interest by itself supports abstention.  *R.R. St. & Co.*, 656 F.3d at 975.  McFerrin's declaratory judgment claim is based on the diversity jurisdiction of the parties and is duplicative litigation.  The parallel California litigation was filed first.  In addition, the instant litigation violates Montana's no-direction action rule.  Under all these circumstances, this Court concludes that accepting jurisdiction in this case would be contrary to the interests of comity and federalism.

The Court has considered McFerrin's argument that the California court has no personal jurisdiction over her and that she is not amenable to service of process in the California proceeding.  This may well be, but the California court is capable of deciding whether McFerrin is a necessary party to that proceeding.  In any event, a declaratory judgment action filed by McFerrin is premature until liability has been adjudicated.

Accordingly,

IT IS HEREBY ORDERED that Defendant United Specialty Insurance's

Motion to Dismiss For Failure to State a Claim and Motion to Dismiss for Lack of Jurisdiction (Doc. 4) are both GRANTED. This case is DISMISSED, and the Clerk of Court is directed to close the case.

    Dated this 15th day of September, 2016.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE